IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

         Plaintiff,

    v.

ANN MARIE HASKINS,

         Defendant.

Case No. 6:01-cr-60100-AA

OPINION AND ORDER

_____

AIKEN, Chief Judge:

    Defendant, Anne Marie Haskins moves the Court for an Order acknowledging full satisfaction of the Restitution Judgment for $350,000 imposed against her by Judge Michael R. Hogan for violation of 18 U.S.C. § 1344.    Def.'s Mot. to Satisfy Restitution J. 1.    Plaintiff, the United States of America, represented by Billy J. Williams, Acting United States Attorney for the District of Oregon, and through Assistant United States Attorney, Kathleen L. Bickers, opposes defendant's motion. Pl.'s Resp. to Def.'s Mot. 1.

1 - OPINION AND ORDER

BACKGROUND

On January 23, 2002, defendant pleaded guilty to bank fraud, 18 U.S.C. § 1344. Id. On January 24, 2002, defendant was sentenced to thirty days imprisonment and received credit for time served. Id. at 2. Defendant was also ordered to pay $350,000 in restitution to the U.S. District Court for transfer to the payee, U.S. Bank Special Assets Group (U.S. Bank). Affidavit of John C. Fisher in Supp. of Mot. to Satisfy Restitution J. 9. Defendant was ordered to pay the entire $350,000 immediately and any unpaid balance at the time defendant was release from custody was to be paid at the maximum installment possible, but not less than $50 per month. Id.

On or about November 20, 2002, U.S. Bank assigned all its rights and claims against defendant to Horton & Associates LLC (Horton). Pl.'s Resp. to Def.'s Mot. 2. On November 4, 2011, an order to substitute the victim from U.S. Bank to Horton was entered by Judge Hogan. Affidavit of John C. Fisher in Supp. of Mot. to Satisfy Restitution J. 2. On September 26, 2013, defendant advised plaintiff that Horton accepted a settlement offer from her in the amount of $5,000 on September 6, 2013. Pl.'s Resp. to Def.'s Mot. 2; Id. at Ex. D, 2. At that time, plaintiff had satisfied $13,044.30 of the Restitution Order, leaving a balance of $336,955.70. Id. at Ex. A, 2

2 - OPINION AND ORDER

On April 28, 2015, plaintiff received an offset from the Treasury Tax Offset Program (TOP) that was taken from defendant in the amount of $21,782. Id. On May 8, 2015, defendant submitted a motion to this Court for an order acknowledging full satisfaction of the restitution judgment pursuant to the settlement agreement she made with Horton on September 26, 2013. Def.'s Mot. to Satisfy Restitution J. 1. On May 22, 2015, $21,765 of the TOP offset was posted to defendant's restitution debt ($21,782 less a $17.00 processing fee), resulting in a total restitution payment to date of $34,809.30, and a remaining balance of $315,190.70. Pl.'s Resp. to Def.'s Mot. 2. On May 28, 2015, plaintiff filed a response in opposition to defendant's instant motion. Id.

<u>DISCUSSION</u>

Plaintiff opposes defendant's motion to satisfy the Restitution Judgment for the reduced amount of $5,000 and argues that pursuant to the Mandatory Victim Restitution Act (MVRA) (18 U.S.C. §§ 3663A and 3664), full restitution is mandatory. Id. at 3. Moreover, plaintiff asserts that it has no detailed information on defendant's income, but argues that the $21,782 TOP offset from April 28, 2015 suggests that defendant is generating significant income, which Horton may not have been aware of when it entered into the agreement to settle

3 – OPINION AND ORDER

defendant's outstanding debt for "pennies on the dollar." Id. Finally, plaintiff argues that even if Horton has elected not to receive any additional restitution payments, the $21,782 offset that was posted to defendant's restitution debt after the agreement, as well as any future funds recovered as part of defendant's sentence, should be ordered deposited into the Crime Victims Fund (CVF) pursuant to 18 U.S.C. § 3664(g)(1)(2).

Defendant argues that "there is nothing in the [MVRA] that forbids an assignee, or even a victim, from executing a satisfaction of judgment or from reaching a separate settlement of its claim" and, therefore, "satisfaction of judgment is permissible because it is not forbidden." Def.'s Mem. in Supp. of Mot. to Satisfy J. 2. Moreover, defendant cites United States v. Turner, for the proposition that what a third party transferee of an interest in restitution payments "elects to do with the stream of payments he has purchased is for him to say" and, therefore, the satisfaction of judgment agreement between her and Horton should be honored. Id. (quoting United States v. Turner, 312 F.3d 1137, 1144 (9th Cir. 2002)).

The MVRA provides for mandatory restitution and covers "any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). The MVRA states that

4 – OPINION AND ORDER

"[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." Id. § 3664(f)(1)(A). Further, a court "may increase restitution on petition by the victim." Turner, 312 F.3d at 1143 (citing 18 U.S.C. § 3664(d)(5)). A court "may also resentence a defendant upon a finding that the defendant has defaulted upon h[er] restitution obligation." Id. (citing 18 U.S.C. §§ 3613A, 3614). Finally, a victim may designate her restitution to another person or organization, id. (citing 18 U.S.C. § 3663(b)(5)), or may assign her "interest in restitution payments to the CVF in the Treasury without in any way impairing the obligation of the defendant to make such payments." 18 U.S.C. § 3664(g)(2).

Here, the main thrust of defendant's argument is that because the MVRA does not expressly forbid satisfaction of judgment agreements, her agreement with Horton should be honored and the remainder of her restitution discharged. Moreover, defendant quotes part of the Ninth Circuit's holding in Turner to support her claim. However, defendant's reliance on Turner is misplaced. Specifically, the Turner court held that:

> It appears that the government, and perhaps, the
> district judge, fear that . . . the deterrence
> intended in the original restitution order will, in

the future, somehow be avoided. *Turner is subject to the full amount of restitution*. It is to be paid to the court registry and supervised by the probation office. That office should, pursuant to 18 U.S.C. § 3663(b)(5), recognize and honor as valid the assignment of restitution by the banks to Sandall [the assignee of the restitution asset]. The banks' sale of their restitution asset is the banks' business. What Sandall elects to do with the stream of payments he has purchased is for him to say. What may or may not happen in the future was not before the district court.

Turner, 312 F.3d at 1144 (emphasis supplied).

A plain reading of this holding makes clear that a defendant must pay the full amount of restitution to the victim, or the assignee of the victim's restitution asset. Accordingly, defendant's restitution obligation is not discharged by the satisfaction agreement she entered into with Horton. Turner also makes clear that the assignee of the restitution asset may do what she chooses with the stream of payments she has purchased. Thus, this Court must also determine whether the $21,782 offset from the TOP on April 28, 2015, as well as all future restitution payments, which Horton states it is no longer owed in the aforementioned satisfaction agreement, shall nonetheless be paid to Horton, or instead be paid to the CVF.

Plaintiff makes two arguments in support of the restitution payments going to the CVF rather than to Horton. Plaintiff first argues that the $21,782 offset likely suggests that

6 - OPINION AND ORDER

defendant is generating significant income, which Horton may not
have been aware of when it entered into the agreement to settle
defendant's outstanding debt.    This argument is fails for two
reasons.    First, plaintiff's logic is flawed because defendant
and Horton entered into the satisfaction agreement on September
6, 2013 and plaintiff did not receive the TOP offset until April
28, 2015.    Thus, even if the offset signaled an increase
defendant's income as plaintiff suggests, such an increase did
not create the offset plaintiff relies on as evidence of this
increase until over a year and a half after the agreement was
formed.    Second, prior to entering into the settlement agreement
with defendant, pursuant to 18 U.S.C. § 3664(d)(5), Horton could
have petitioned the Court to increase the restitution payment if
it suspected that defendant had increased income at that time.
However, plaintiff presents no evidence that Horton ever
submitted such a petition.    Accordingly, plaintiff's first
argument with regard to this issue fails.

      Next, plaintiff argues that the restitution should be paid
to the CVF pursuant to the permissive language in 18 U.S.C. §
3664(g)(2) because a Second Circuit case, United States v.
Johnson, held that "although § 3664(g)(2) authorizes victims to
make . . . . an assignment [to the CVF], it does not preclude the

Court from doing so." <u>United States v. Johnson</u>, 378 F.3d 230, 244 (2nd Cir. 2004).

Although not binding, this Court finds <u>Johnson</u> persuasive due to the statutory analysis it provides. Specifically, in reaching its decision, the <u>Johnson</u> court noted that the Senate considered a version of § 3664(g)(1) that read: "[n]o victim shall be required to participate in any phase of a restitution order. *If a victim declines to receive restitution made mandatory by this title, the court shall order that the victim's share of any restitution owed be deposited in the [CVF] . . .*" <u>Id</u>. (<u>citing</u> S. Rep. No. 104-179, at 6 (Dec. 6, 1995), reprinted in 1996 U.S.C.C.A.N. 924, 925 (emphasis supplied)). The <u>Johnson</u> court further noted that by the time of the statute's enactment, however, this italicized text had been removed. <u>Id</u>. (<u>see</u> Pub.L. 104-132, § 206(a), 110 Stat. 1214, 1234 (1996)). Finally, the <u>Johnson</u> court held that "by removing this text before enacting § 3664(g)(1), Congress may have suggested that assignment to the [CVF] is not *mandatory*. It certainly did not suggest that assignment to that fund is *prohibited*." <u>Id</u>. (emphasis supplied).

This Court agrees with the analysis of in <u>Johnson</u>, insofar as it opines that the legislative history of § 3664(g)(1) does not support a conclusion that the assignment of rejected

8 - OPINION AND ORDER

restitution funds to the CVF are not prohibited by Congress. Accordingly, the $21,782 offset from the TOP on April 28, 2015, as well as all future restitution payments from defendant, shall be deposited into the CVF pursuant to 18 U.S.C. § 3664(g)(2).

## CONCLUSION

For the foregoing reasons, defendant's motion for full satisfaction of restitution (ECF 28) is DENIED. Moreover the $21,782 offset from the TOP on April 28, 2015, as well as all future restitution payments from defendant shall be deposited into the CVF pursuant to 18 U.S.C. § 3664(g)(2).

IT IS SO ORDERED.

DATED this 30th day of October 2015.


_____
Ann Aiken
United States District Judge

9 — OPINION AND ORDER